UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SUE WYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06CV00060 DDN |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Sue Wyrick (registration no. 84918), an inmate at Chillicothe Correctional Center (CCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.75. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of her prison account statement for the six-month period immediately preceding the submission of her complaint. A review of applicant's account indicates an average monthly deposit of $58.57, and an average monthly balance of $16.91. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.75, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri and the Missouri Department of Corrections for alleged violations of her constitutional rights while she was incarcerated at Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC).

The complaint consists of several conclusory allegations that plaintiff was discriminated against while at WERDCC. The complaint fails to name who discriminated against plaintiff or when the alleged discrimination occurred.

## Discussion

The complaint is legally frivolous against the State of Missouri because the State of Missouri is immune from suit under the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Additionally, the complaint is frivolous as to the Missouri Department of Corrections because respondeat superior dues not apply to § 1983 actions. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.1990). Finally, the complaint fails to state a claim upon which relief can be granted because it contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for granting relief. As a result, the complaint shall be dismissed, without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make her remittance payable to

"Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is denied as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 22nd Day of January, 2007.

*/s/ E. Richard Webber*

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**